893 F.2d 1335
Unpublished Disposition
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald Onqua SHABAZZ, Plaintiff-Appellant,
v.
Ted KOEHLER; Tom Osier; Ken Epps, Defendants-Appellees.
 No. 89-1522.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Reginald Onqua Shabazz, a Michigan state prisoner, requests the appointment of counsel on appeal from the summary judgment in favor of defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Shabazz sued the warden, assistant deputy warden, and classification director of Marquette Branch Prison, seeking damages and an injunction ordering his transfer to another institution. The complaint alleged that, in spite of being put on notice that Shabazz had enemies in the prison, defendants failed to take any action to protect him from an assault and, as a result, he received a knife wound in the neck from another inmate. Shabazz alleges an eighth amendment violation based on a theory of deliberate indifference.
 
 
 3
 The facts alleged by plaintiff failed to establish that defendants were deliberately indifferent to his safety. See Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988). He alleged that he alerted defendants to the fact that he had enemies at the prison and nothing was done. The defendants stated in their affidavits that plaintiff was offered protective custody and refused, demanding to be transferred. Furthermore, they stated that prison policy allows placement in protective custody at any time, on request. The accident report shows that plaintiff reported the incident to a guard and was given medical attention. The wound, described as a one-centimeter cut, was cleaned and bandaged. Plaintiff was then placed in protective custody, where he apparently remains against his wishes, seeking a transfer.
 
 
 4
 Defendants were, at most, negligent in their response to this situation. The record shows that plaintiff's attack was an isolated occurrence which resulted in only superficial injury. He was then immediately placed in protective custody. This court has held that negligence on the part of prison officials in responding to a risk of assault by other inmates is not an eighth amendment violation. McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988).
 
 
 5
 We conclude that the facts alleged by Shabazz do not amount to a deliberate indifference by defendants to his safety. Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.